MAYNARD *et al. v.* NEWTON, executor, and *vice versa.*

1. There was evidence which supported the allegations in the petition, and the verdict which was rendered. While such evidence was conflicting on some material points, it can not be said that the verdict was contrary either to law or the evidence.

2. The question whether title to the cotton, which was the subject-matter of the action in this case, passed to the testator of the defendant in error, by delivery of the warehouse receipts to him, was adjudicated by this court in the case of *Zellner* v. *Mobley*, 84 *Ga.* 746. Hence, the court did not err in refusing to charge the jury that the title to the cotton would not pass to the pledgee on the transfer of a warehouse receipt representing such cotton, at a named date.

3. Refusal to admit evidence of a witness as to a point in issue is not cause for a new trial, when it appears that the same witness was allowed to testify to practically the same facts in other language.

Argued June 25, — Decided August 8, 1902.

Complaint.    Before Judge Reagan.    Monroe superior court. October 16, 1901.

*Berner & Reagan*, for plaintiff in error.
*B. S. Willingham*, contra.

LITTLE, J.    This case has heretofore been before this court, and is reported in the 84 *Ga.* 746.    It is there entitled Zellner *et al.*, executors, *v.* Mobley *et al.*    Zellner having died pending the case, it proceeded, under proper order, in the name of Newton, the surviving executor of Head.    To the report of the facts disclosed by the record when the case was formerly considered, it is only necessary to add, to the statement then made by our present Chief Justice, such additional facts as appear in the record now before us.    These are, substantially, that Maynard and Mobley were engaged in business ; that Maynard furnished the money, while Mobley collected the debts of the partnership and was to have an interest in the profits ; that Mobley had an interest in the business, and Watson owed the firm a debt contracted with Maynard, and Mobley had an interest in that debt ; that when Watson carried the two bales of cotton to the warehouse he delivered them to Mobley with instructions to credit them on the debt which he had contracted with Maynard ; that the cotton was at that time received by Mobley under those instructions, and was valued, but by agreement the cotton was held so as to give Watson the benefit of the rise, if there was any ; that the receipt for the cotton was not given when the two bales were delivered, but later in the evening at Watson's request ; that when the cotton was received it was placed with other bales belonging to Maynard in the warehouse, and was insured.    In the brief of evidence in the present record Mobley testifies that the receipt had not been transferred to Head when he first saw it in the hands of Brooks, the agent of Head.    Watson denied telling Mobley when he delivered the cotton to place it on Maynard's debt. He said that he carried the receipt home and borrowed $90 on it, and gave his note for that sum a few days afterwards.    There was additional testimony on which the witnesses were in conflict, but

which, under the view we take of the case, it is not necessary now to recite. The trial resulted in a verdict for the plaintiff for $94.77, principal, and $131.59 interest. The defendants made a motion for a new trial, which being overruled, they excepted.

Before considering any of the grounds of the motion for a new trial, it is proper for us to refer to the decision made in the case as reported in the 84 *Ga.* supra; as, after a careful examination of the briefs of counsel, and of the rulings and opinion in that case, we have arrived at the conclusion that many of the questions made in the present record were decided and settled there, and, whether right or wrong, are, as between the parties to this case, res adjudicata. The salient points and main facts on which the contentions between the parties arose on the first trial are present in the record now before us, and none of the additional evidence, as we construe it, has any effect in changing or modifying the former decision of this court. It appears that when the case was first tried the court granted a nonsuit, apparently because the note which Watson gave to Head was infected with usury. This court arrived at the conclusion that the trial judge erred in granting the nonsuit, and necessarily considered not only the evidence, but the rules of law applicable to the evidence. Certain rulings were then made directly on the merits and law of the case. Our present Chief Justice, in elaborating the headnote, which was general in its terms, said: "When Watson assigned this receipt to Head, the assignment vested the title in Head; and when Watson delivered the receipt to Head, he thereby delivered possession of the cotton to Head." And further, as to the plea of usury, it was ruled that Watson and his privies alone could make the question that the title was void on account of usury. We are bound then, when we proceed to the consideration of the present case, to take as res adjudicata the facts, first, that the assignment of the receipt by Watson to Head vested the title of the cotton in the latter; second, that though, under the evidence, the title to Head was void as against Watson, it was not so as to Maynard and Mobley, and that they would not be heard to allege that Head's title was void unless they or one of them should show that they or he had an interest in the cotton, derived from Watson; that on so showing they or he could legally present the question as to Head's title being void for usury, in order to protect his or their interest. With these propositions standing as adjudi-

cated in the first case, we come now to consider the grounds of the motion in the present record.

1. Among these are, that the verdict in favor of the plaintiff was contrary to law, contrary to the evidence, and against the weight of the evidence. We can not reverse the judgment below for the refusal of the court to grant a new trial on any of these grounds. The evidence was conflicting. The jury had the right to believe the witnesses to whom they gave the highest credit. There was evidence from some of these to sustain the allegations of the petition; hence, to authorize the verdict; and as the same has received the approval of the trial judge, we can not set it aside as being contrary either to the law or the evidence.

2. It is complained that the court refused to give in charge a written request made by defendants' counsel, to the effect that in the years 1881 and 1882 the holder of a certain warehouse receipt could not pass the title to the cotton covered by the same, in order to secure the loan of money; that under the law at that time it could not be used as collateral security, etc. It is set out in the motion that the court refused to give this charge for the reason that the Supreme Court had decided in this identical case that the title to the cotton passed to Head on the transfer of this cotton receipt; and it is alleged that the court committed error in refusing to give this charge, because the point was not raised in the Supreme Court, and could not have been settled by that court; that the receipt was transferred in 1881 or 1882, and at that time it was not assignable as collateral security, and was not so assignable before the act of October, 1887. The able counsel for the plaintiffs in error has submitted many authorities to sustain his contention that, prior to the act of 1887, a transfer of warehouse receipts as collateral security did not have the effect to pledge the cotton represented. While from an examination which we have given to this question we are inclined to differ with counsel, it is not necessary, under the view which we take of the prior decision, to rule on this point; for we agree with our brother of the trial bench that this court had in this identical case ruled and decided that the title to the cotton passed to Head on the transfer of the receipt; and we differ with counsel for the defendants in the court below in the view which he takes that the point was not raised in the Supreme Court, and hence could not have been settled by this court in that

case. Let it be remembered that the point made in the bill of exceptions then was that the court erred in granting a nonsuit. If the evidence for the plaintiff did not support the case he made, it was proper to have granted the nonsuit. On the contrary, if the evidence did support the case made by the plaintiff, the grant of the nonsuit was error. In passing on this question this court necessarily had not only to judge of the evidence which the plaintiff introduced, but also of the legal conclusions which that evidence brought about. Therefore, when it appeared by the evidence that Watson had borrowed from Head a sum of money and transferred to the latter the warehouse receipt, it was a conclusion of law, in the opinion of this court, that such transfer vested the title of the cotton in Head; and when this result was sought to be defeated by evidence that the note which was secured by the cotton was infected with usury, under the plea of usury filed by Mobley, the court further ruled that while under the evidence the note was infected with usury, as between Mobley and Head that fact did not void the title to the cotton as to Head, because Mobley could not raise that issue, the plea of usury being a personal one to Watson; and the only point which was left open in that decision was, that if in another trial Mobley showed himself to be a privy in title to Watson, in order to protect that title or the interest which it carried, he might then make the question whether as to him the title of Head was void. So, therefore, in ruling that the grant of a nonsuit was error the court decided from the evidence that certain legal consequences ensued; and these legal consequences were that Head took the title by the transfer of the warehouse receipt, and that Mobley could not attack that title as being void for usury, for want of privity of title with Watson, the borrower of the money. We must therefore rule that the question whether Head took title by the transfer of the receipt is an adjudicated one. Therefore the trial judge did not err in refusing to charge as requested in the third ground of the motion. For the same reason it is also ruled that the court did not err in charging the jury that the title to the cotton passed by the transfer of the receipt, which charge is complained of in the fourth ground of the motion for a new trial.

3. It is further complained that the court erred in rejecting evidence of the witness Mobley, to the effect that he did not give Watson a receipt when he threw the cotton off in the morning, as he

had turned it over on Maynard's debt; that Watson did not demand it, but late in the evening came back and said that he might die before he and Maynard had a settlement, and to protect him in the event of his death he wanted a receipt; and it was given under these circumstances. This evidence, in our opinion, was clearly admissible. It explained the issue of the receipt as the warehouseman understood the circumstances, and had a direct bearing upon the issues in the case. The refusal to admit the evidence would have been material error had it not been for the fact that the same witness during his examination was allowed to testify to substantially the same facts. The brief of evidence records a portion of Mobley's evidence in these words: "I recognize this receipt for the two bags of cotton sued on. I gave it. Mr. Watson brought the two bags of cotton to the warehouse in the morning and threw them off, and said: 'Here are the two bags of cotton which I promised you. Put them on the debt I owe Mr. Maynard.' . . I did not give the receipt; he came back late that evening, and I gave it to him." This evidence is practically the same as that which the plaintiff in error claimed that the court erred in refusing to admit, except the reasons given by Watson why he wanted a receipt, and these reasons, because the facts testified to did go to the jury, are not, in our judgment, so material as to require a reversal of the judgment, because the evidence in the brief does not appear in the identical language set out in the ground of the motion. As we see it, substantially the same evidence as to the facts was before the jury. Therefore, while the evidence in the exact words of the witness, as set out in the motion, was admissible, the refusal of the trial judge to admit it is not such an error as requires the verdict to be set aside, when it appears that the judge did admit practically the same evidence, which was before the jury when they rendered their verdict.

We have thus dealt with all the grounds of the motion for a new trial, and passed on the errors alleged to have been committed therein, in the light of the objections as they appear in the motion. Other points have been made by counsel for plaintiff in error in his brief. Some of these are involved in what has been said. Others are not, for the reason that such do not properly arise under the assignments of error which appear in the motion for a new trial;

and as we view the record and the previous adjudication of the issues between the parties in the case, the judgment must be

*Affirmed. All the Justices concurring, except Lewis, J., absent.*